**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FARSHID M. ZADEH, SAMANEH RAGHIMI, MOHAMED IYE, and SAIDO A. ABDILLE,<br><br>      Plaintiffs,<br>vs.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America; UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; UNITED STATES DEPARTMENT OF STATE; U.S. CUSTOMS AND BORDER PATROL; DANA J. BOENTE, in his official capacity as Acting Attorney General of the United States; JOHN KELLY, Secretary of the Department of Homeland Security; LORI SCIALABBA, Acting Director of U.S. Citizenship and Immigration Services; KEVIN K. McALEENAN, in his official capacity as Acting Commissioner of U.S. Customs and Border Patrol,<br><br>      Defendants. | Civil Action No.<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER** |

**TEMPORARY RESTRAINING ORDER**

This matter came before the Court on a Motion for a Temporary Restraining Order brought by Plaintiffs. The Court has considered the motion and documents filed therewith, including Plaintiffs' Complaint seeking injunctive relief and/or a writ of mandamus, and the arguments of counsel provided at an emergency hearing held ____, at _____ a.m./p.m.

Having considered the foregoing, the Court hereby enters the following finds of fact and conclusions of law.

## FINDINGS OF FACT

1. Plaintiffs face an immediate and irreparable injury as a result of the signing and implementation of the Executive Order by Defendant President Donald J. Trump on January 27, 2017. These injuries are ongoing and significant.

2. The claims in Plaintiffs' complaint are likely to succeed on the merits.

3. A temporary restraining order against Defendants, as provided below, is necessary until a determination of the merits of Plaintiffs' claims can be held.

## CONCLUSIONS OF LAW

4. The Court has jurisdiction over Defendants and the subject matter of this action.

5. Plaintiffs' efforts to contact Defendants reasonably and substantially complied with the requirements of Federal Rules of Civil Procedure 65(b) and LCvR 65.1.

6. The Court deems no security bond is required under Federal Rule of Civil Procedure 65(c).

7. To obtain a temporary restraining order, Plaintiffs must establish (1) that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm is likely in the absence of preliminary relief; (3) that the balance of equities tips in Plaintiffs' favor; and (4) that an injunction is in the public interest. *See Singh v. Carter*, 168 F. Supp. 3d 216, 223 (D.D.C. 2016).

8. Based on the Findings of Fact set forth above, there is a strong likelihood that Plaintiffs will succeed on the merits of their claims and irreparable injury is likely if the requested restraining order is not issued.

9. The balance of equities tips toward the Plaintiffs and the public interest weighs in favor of entering temporary relief.

Now, therefore, it is hereby ORDERED that:

1. Defendants and their officers, agents, servants, employees and attorneys, and persons in active concert or participation with them are hereby fully ENJOINED AND RESTRAINED from enforcing Defendant President Donald J. Trump's January 27, 2017 Executive Order by removing, detaining, or blocking the entry of Plaintiffs to the United States;

2. Defendants and Defendant United States Department of State in particular, are hereby ENJOINED AND RESTRAINED from cancelling validly obtained and disused immigrant visas of Plaintiffs;

3. Defendants are hereby ORDERED to IMMEDIATELY inform all relevant airport, airline, and other authorities that Plaintiffs are permitted to travel to the United States on their valid immigrant visas; and

4. Defendants shall remain enjoined until an expedited hearing can be held at ____ a.m./p.m. on ___ day of _____ 2017.

**IT IS SO ORDERED.**

Dated: February 3, 2017

_____
UNITED STATES DISTRICT COURT JUDGE