# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZADEH, *et al.*,<br><br>      Plaintiffs,<br><br>vs.<br><br>TRUMP, *et al.*,<br><br>      Defendants. | Civil Action No. 1:17-cv-00243-TSC<br><br>**SUPPLEMENTAL MEMORANDUM ADDRESSING THE APPLICABILITY OF THE ORDERS ISSUED IN 17-CV-00786 (C.D. CAL. JAN. 31, 2017) AND 2:17-CV-0141 (W.D. WASH. FEB. 3, 2017)** |

## INTRODUCTION

Plaintiffs submit this supplemental memorandum in support of their Emergency Motion for Temporary Restraining Order to address the applicability of the orders recently issued in *Mohammed v. United States*, No. 17-cv-00786, Dkt. 7 (C.D. Cal. Jan. 31, 2017), and *Washington v. Trump*, No. 2:17-cv-00141, Dkt. 52 (W.D. Wash. Feb. 3, 2017). These court orders apply to Plaintiffs here and together forbid enforcement of the Executive Order against Plaintiffs as they attempt to enter the United States. For that reason, this Court should briefly defer ruling on Plaintiffs' motion while Plaintiffs attempt to travel to the United States. However, lingering questions related to the applicability of the *Mohammed* and *Washington* orders remain. The orders are temporary in nature, and the government has appealed in *Washington*. The orders may be narrowed in scope or overturned entirely. For these reasons, the Court should proceed with the scheduled hearing on Monday. In the event that the *Mohammed* and *Washington* orders fail to provide safe passage to the United States for Plaintiffs, the Court should promptly rule on—and grant—Plaintiffs' motion.

## BACKGROUND

On January 31, 2017, the court in *Mohammed* entered a temporary restraining order barring the enforcement of the Executive Order and prohibiting "removing, detaining, or blocking the entry of Plaintiffs, or any other person from Iran, Iraq, Libya, Somalia, Sudan, Syria and Yemen with a valid immigrant visa." *Mohammed*, No. 17-cv-00786, Dkt. 7 at 5. The court ordered other relief, but limited the scope of that relief to the plaintiffs in that case. For example, the court enjoined and restrained the defendants "from cancelling validly obtained and issued immigrant visas of Plaintiffs." *Id.*

But foreign travelers soon discovered an additional problem not addressed by the *Mohammed* order (except as to the plaintiffs in that case). At the same time that President Trump issued the Executive Order, the U.S. Department of State issued a memorandum revoking "all valid nonimmigrant and immigrant visas of nationals of Iraq, Iran, Libya, Somalia, Sudan, and Yemen," subject to limited exceptions not relevant here. *See* State Dept. Memo attached as Exhibit A. The State Department memorandum was particularly egregious because it ventured beyond the terms of the Executive Order itself, which purported to merely "suspend entry" of persons from the seven countries identified for 90 days—not cancel validly obtained visas that in many cases took years to obtain. Executive Order § 3(c).

In the wake of the State Department memorandum, affected persons could not practically rely on the *Mohammed* order because the order applied only to those "with a valid immigrant visa." *Mohammed*, No. 17-cv-00786, Dkt. 7 at 5. During a hearing in a pending Virginia action, a U.S. Department of Justice attorney estimated that 100,000 visas had been canceled pursuant to the State Department memo. *See Aziz v. Trump*, 1:17-cv-116 (E.D. Va.); *see also* https://www.washingtonpost.com/local/public-safety/government-reveals-over-100000-visas-revoked-due-to-travel-ban/2017/02/03/7d529eec-ea2c-11e6-b82f-687d6e6a3e7c_story.html.

2

Late yesterday, February 3, shortly after this action was filed, the court in *Washington* granted the plaintiffs' motion for a temporary restraining order and enjoined the defendants from enforcing the Executive Order nationwide. *See Washington*, No. 2:17-cv-00141, Dkt. 52. Today, the State Department reversed the earlier visa revocations in light of the Court's order in *Washington*. *See* https://travel.state.gov/content/visas/en.html; https://www.washingtonpost.com/politics/state-dept-reverses-visa-revocations-allows-banned-travelers-to-enter-us/2017/02/04/0ab5880a-eaae-11e6-bf6f_301b6b443624_story.html?utm_term=.074122aa42a2. Late today, the U.S. Department of Justice filed a notice of appeal in *Washington*.

In light of these developments, Plaintiffs have renewed their efforts to travel to the United States. Plaintiff Abdille departed from Nairobi to Amsterdam at approximately 3 p.m. EST today, February 4. She is scheduled to board a flight to Minneapolis early tomorrow and land at 1 p.m. EST tomorrow, February 5, 2017. Plaintiff Raghimi has purchased a ticket to depart Tehran for Amsterdam at 6:50 p.m. EST on Sunday, February 5. She departs Amsterdam at 4:35 a.m. EST on Monday, February 6, and is scheduled to land in Minneapolis at 1:52 p.m. EST on Monday February 6.

## ARGUMENT

The orders in *Mohammed* and *Washington* cover Plaintiffs here. Even assuming the *Mohammed* order was insufficient to prevent the revocation of Plaintiffs' visas, the court in *Washington* explicitly issued its order on a nationwide basis. And the State Department has since explicitly reaffirmed that Plaintiffs' visas remain valid.

The *Mohammed* and *Washington* orders are binding both on Defendants and on this Court. *See National Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399 (D.C. Cir. 1998) (injunctions issued against an agency are valid on a national basis); *United States v. AMC Entm't, Inc.*, 549 F.3d 760, 770 (9th Cir. 2008) ("Once a court has obtained personal jurisdiction

over a defendant, the court has the power to enforce the terms of the injunction outside the territorial jurisdiction of the court, including issuing a nationwide injunction.").

However, questions remain as to whether the *Mohammed* and *Washington* orders will allow Plaintiffs to enter the United States. The orders are necessarily temporary in nature, and the courts in *Mohammed* and *Washington* will refine their orders at the preliminary injunction stage. Moreover, the government has appealed the *Washington* order. Because both *Mohammed* and *Washington* arose in the Ninth Circuit, an appeal in one case will likely affect the other. The outcome of Ninth Circuit review is, of course, uncertain. The court could narrow the scope of the existing orders or overturn them entirely. Finally, this past week has been marked by a great deal of chaos in the enforcement of the Executive Order itself and the court orders it has generated. Enforcement has varied from office to office, and even agent to agent.

For these reasons, the Court should proceed with the scheduled hearing on Monday. Plaintiffs will provide the Court with up-to-date information about Plaintiffs' progress in traveling to and entering the United States. In the event that Plaintiffs are admitted to the United States pursuant to the terms of their visas, Plaintiffs will immediately inform the Court, and meet and confer with the Department of Justice attorneys in order to resolve this case.

However, in the event that the *Mohammed* and *Washington* orders fail to grant Plaintiffs entry to the United States, the Court should promptly rule on—and grant—Plaintiffs' motion for the reasons stated therein.

## **CONCLUSION**

For the foregoing reasons, the Court should defer ruling on Plaintiffs' motion while Plaintiffs attempt to enter the United States under the terms of the *Mohammed* and *Washington* orders. If Plaintiffs cannot enter, the Court should promptly grant Plaintiffs' motion for a temporary restraining order.

| | |
|---|---|
| Dated: February 4, 2017 | **COHEN MILSTEIN SELLERS & TOLL PLLC**<br><br>     /s/ S. Douglas Bunch    <br>Kit A. Pierson (D.C. Bar No. 398123)<br>S. Douglas Bunch (D.C. Bar No. 974054)<br>Sally Handmaker (D.C. Bar No. 1005414)<br>Julia Horwitz (D.C. Bar No. 1018561)<br>1100 New York Ave. NW<br>Suite 500, East Tower<br>Washington, DC 20005<br>(202) 408-4600<br>kpierson@cohenmilstein.com<br>dbunch@cohenmilstein.com<br>shandmaker@cohenmilstein.com<br>jhorwitz@cohenmilstein.com<br><br>- and -<br><br>Adam L. Hansen<br>(*pro hac vice* forthcoming)<br>**APOLLO LAW LLC**<br>400 S. 4th St.<br>Suite 401M - 250<br>Minneapolis, MN 55415<br>(612) 927-2969<br>adam@apollo-law.com<br><br>- and -<br><br>Kevin C. Riach<br>(*pro hac vice* forthcoming)<br>Benjamin R. Tozer<br>(*pro hac vice* forthcoming)<br>**FREDRIKSON & BYRON, P.A.**<br>200 S. Sixth St.<br>Suite 4000<br>Minneapolis, MN 55402<br>(612) 492-7000<br>kriach@fredlaw.com<br>btozer@fredlaw.com |

- and -

Benjamin Casper Sanchez
(*pro hac vice* forthcoming)
Regina Jeffries
(*pro hac vice* forthcoming)
Linus Chan
(*pro hac vice* forthcoming)
**CENTER FOR NEW AMERICANS**
**UNIVERSITY OF MINNESOTA LAW**
**SCHOOL**
229 19th Ave. S.
Minneapolis, MN 55455
(612) 625-5515
caspe010@umn.edu
rjefferi@umn.edu
rlchan@umn.edu

- and -

John Keller
(*pro hac vice* forthcoming)
**IMMIGRANT LAW CENTER OF**
**MINNESOTA**
450 N. Syndicate St., Suite 200
St. Paul, MN 55104
(651) 641-1011
John.Keller@ilcm.org

- and -

Sarah Brenes
(*pro hac vice* forthcoming)
**THE ADVOCATES FOR HUMAN RIGHTS**
330 Second Ave. S., Suite 800
Minneapolis, MN 55401
(612) 341-3302
sbrenes@advrights.org

- and -

Abdinasir M. Abdulahi
(*pro hac vice* forthcoming)

**AMA LAW GROUP, PLLC**
1113 E. Franklin Ave, Suite 104
Minneapolis, MN 55404
(612) 871-1110
abdi@amalawgroup.com

- and -

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
**AMERICAN CIVIL LIBERTIES UNION**
  **OF THE DISTRICT OF COLUMBIA**
4301 Connecticut Ave., N.W., Suite 434
Washington, DC 20008
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 4th day of February 2017, a copy of the foregoing was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

/s/ S. Douglas Bunch  
S. Douglas Bunch